UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KEVIN PLANK, ) | CASE NO. 1:05 CV 2833 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J**.:

On December 8, 2005, pro se plaintiff Kevin Plank filed the above-captioned in forma pauperis action against defendants United States Department of Education and Sallie Mae. Mr. Plank alleges that the defendants are engaged in "price discrimination from inflated interest rates." He asserts that the parties are in violation of "US Anti Monopolistic laws" and he is seeking Forty Thousand Dollars ($ 40,000) in compensatory damages as well as Five Hundred Thousand Dollars ($500,000.00) in punitive damages. For the reasons set forth below, this action is dismissed.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

## *Res Judicata*

Under the doctrine of res judicata, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 197 (6th Cir.1987).

This case is a duplicate of a complaint filed by Mr. Plank in this court before Judge Dan A. Polster. See Plank v. U.S. Dept. of Educ., et al., No. 1:05cv2255 (N.D. Ohio Sep.26, 2005). Judge Polster issued a Memorandum of Opinion and Order on December 5, 2005 dismissing the action sua sponte for failing to state a claim. Within three days, Mr. Plank filed the matter before this court against the same party defendants. In his present complaint, as with the complaint before Judge Polster, Mr. Plank alleges that he took out a Stafford Student Loan which was consolidated by Sallie Mae in 1998 at an 8.25% rate of interest.[2] He again complains that he and other borrowers

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] A Stafford Loan is a variable rate loan that changes every July 1, regardless of when the loan
(continued...)

have no control over the interest rate that is applied at the time the loan is consolidated.

Although Mr. Plank failed to set forth a basis for this court's jurisdiction in his complaint before Judge Polster, he now maintains that "[t]he ground for this case to get heard in the US District Court are the filing against a party of a different state and a filing against the US Government and The Higher Education Act of 1965[,] specifically 20 U.S.C. 1078-3(a)(3) all are within the Jurisdiction of the US District Court."[3] (Compl. at 1.)

There is no dispute that a plaintiff may assert this court's subject matter jurisdiction based on a federal question, diversity of citizenship or when the United States is a named defendant. See 28 U.S.C. §§ 1331, 1332 and 1346. Even if Mr. Plank stated a valid basis for this court's jurisdiction, his complaint is not insulated from dismissal if it fails to state a claim upon which relief can be granted. This was the fate suffered by Mr. Plank's complaint before Judge Polster, which lacked an arguable basis in law or fact. Thus, considering the principles of res judicata wherein "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 352 (1876)), the court is required to dismiss this action pursuant to 28 U.S.C. § 1915(e) for failing to state a basis upon which relief can be granted.

Based on the foregoing, Mr. Plank's motion to proceed in forma pauperis is granted

---

[2](...continued)
is taken out. The only way to lock in a rate is to consolidate the Stafford Loan. Stafford Loan, http://www.staffordloan.com (last visited Jan. 27, 2006).

[3]This provision simply provides the definition of an "eligible borrower" for the purpose of a federal consolidation loan. See 20 U.S.C. § 1074(a).

3

and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

**DATE: _01/30/06_____**

                                               _/s/ Christopher A. Boyko_
                                               **CHRISTOPHER A. BOYKO**
                                               **UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."